**Donna S. PETTITTE, Patricia A. Steen, Cheri Payne and Alvin Lee Dickson, Appellants,**

v.

**SCI CORPORATION aka SCI–Roev Texas Partners, L.P., Appellee.**

No. 01–94–00626–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1995.

appeal from a take-nothing summary judgment in their suit for negligence. We affirm in part and reverse and remand in part.

## Background facts and procedural history

The appellants were employed by M.D. Anderson and Texas Children's Hospital in the Fannin Bank Building at 1020 Holcombe in Houston, Texas. Appellants filed suit against NCNB and SCI–ROEV on September 30, 1992, alleging various injuries resulting from "sick building syndrome."[1] The building was owned by NCNB until September 1, 1991, when appellee, SCI–ROEV, purchased the building from NCNB. Appellants' final petition alleged that NCNB and appellee were negligent in failing to utilize and maintain a proper ventilation system, and in failing to warn appellants of the dangerous conditions of the ventilation system. Appellee filed a motion for summary judgment on October 1, 1993, which the trial court granted on February 8, 1994. Appellants settled with NCNB on May 10, 1994.

## Standard of Review

■ Under Tex.R.Civ.P. 166a(c), summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Rogers v. F.J. Reynolds,* 761 S.W.2d 788, 793–94 (Tex.App.—Beaumont 1988, writ denied). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982); *Rogers,* 761 S.W.2d at 795.

■ Tex.R.Civ.P. 166a(c) requires that the motion for summary judgment state specific reasons for the summary judgment. *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992). The grounds in the motion are sufficiently specific if the motion gives "fair notice" to the non-movant. *Thomas v. Cisneros,* 596 S.W.2d 313, 316 (Tex.Civ.

Barney L. McCoy, Houston, for appellants.

Timothy J. Hogan, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellants, Donna S. Pettitte, Patricia A. Steen, Cheri Payne, and Alvin Lee Dickson,

---

1. Appellants' petition refers to "sick building syndrome" as a constellation of core symptoms frequently reported by workers in modern and remodeled office buildings, including nasal, eye, and mucous membrane irritation, lethargy, dry skin, and headaches.

App.—Austin 1980, writ ref'd n.r.e.). In determining whether grounds are expressly presented, reliance may not be placed upon briefs or summary judgment evidence. *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex.1993).

■ Once the movant has established a right to a summary judgment, the burden shifts to the non-movant. The non-movant then must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■■ Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 428 (Tex.1983); *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the non-movant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg*, 775 S.W.2d at 752. Every reasonable inference will be indulged in favor of the non-movant, as will any reasonable doubt. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Goldberg*, 775 S.W.2d at 752.

### Sole point of error

■ Appellants contend the trial court erred in granting the motion for summary judgment. Initially, they challenge the specificity of the grounds stated in the motion. Appellants argue that the motion was unacceptably vague, in that the motion is "unclear as to exactly which element of Appellants' cause of action it is attacking."

Appellee argues that any lack of clarity has been waived. We agree. Where an appellant contends that the grounds for the motion were not sufficiently specific, a special exception is required. *McConnell*, 858 S.W.2d at 342 ("An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous."). As the supreme court noted, however, the practical effect of this waiver is negligible, because this Court cannot "read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court." *Id.* at 343.

Appellee's motion for summary judgment provided, in pertinent part, that "any physical complaints of which [appellants] complain arose before the date SCI purchased the property in question" and that appellee was therefore entitled to summary judgment. The motion further stated that because appellants' complaints arose and occurred before appellee bought the building, appellee "can have no liability to Plaintiffs." We are of the opinion that the motion was specific enough to give appellants and the trial court fair notice of its grounds. Appellants' suit was an action for negligence. The elements of negligence are a legal duty owed by one person to another, a breach of that duty, and damages proximately resulting from the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). A fair reading of the motion makes it clear that appellee was asserting that appellants had sued the wrong party. We hold that appellee's assertion that it did not own the building at the time appellants' physical symptoms occurred was sufficient to raise the grounds of lack of duty or breach of duty. *See, e.g., Thomas*, 596 S.W.2d at 316 (finding that defendant's motion raised grounds of causation, probable cause, and malice). We now address whether appellee proved this allegation as a matter of law.

Appellee's uncontroverted summary judgment evidence included the deed transferring title from NCNB to appellee effective September 1, 1991. Because there was no evidence to the contrary, the deed established,

as a matter of law, that appellee did not own the building, and thus could not have incurred any liability, before September 1, 1991.

 Appellee also submitted excerpts of the medical records of Dr. Aronson, a physician who treated appellant Payne. These records, written on November 21, 1991, included the following notation: "Started working in March 1990 . . . [she is] well while on vacation, when not in office." Appellee argues that this establishes that Payne's alleged injuries arose and occurred before appellee bought the property. We disagree. Taken as true, the excerpts merely establish that Payne had symptoms on November 21, 1991, and that they arose sometime before that. Nothing in the above-quoted language even suggests, much less establishes as a matter of law, that Payne's symptoms did not continue past the time that appellee bought the building.

Appellants' pleadings asserted that they were diagnosed with "Sick Building Syndrome" on January 23, 1991, over seven months before appellee bought the building. The evidence supporting appellants' response to the motion for summary judgment included affidavits from appellants Pat Steen and Donna Pettitte, and a memorandum from M.D. Anderson.

Donna Pettitte's affidavit states that her symptoms "continued past September of 1991 and . . . have not gone away entirely because I still have flare ups." Her affidavit further states that Payne and Dickson's symptoms continued past the time that appellee bought the building.

Appellee argues that because this affidavit does not allege or prove any negligent act or omission by appellee, summary judgment was still proper. Again, we must disagree. As we have already noted, appellant's motion for summary judgment was based on the allegation that appellee did not own the building at the time appellants alleged their injuries arose or occurred.

Pettitte's affidavit addresses this issue, and raises a genuine issue of material fact as to whether any of Pettitte's injuries occurred after appellee bought the building. Like-

wise, Pettitte's sworn statement that the other plaintiffs' medical problems continued after appellee bought the building raised a genuine issue as to the time of their injuries. Both Pettitte's affidavit and appellee's own summary judgment evidence showed that Pettite, Payne, and Dickson all continued to work in the building until after appellee bought it. Summary judgment was therefore improper as to Pettitte, Payne, and Dickson.

 Pat Steen's affidavit had the opposite effect. Steen's affidavit states that she resigned on April 8, 1991, which is over four months before appellee bought the building. Steen established as a matter of law that appellee cannot be liable to her. Summary judgment was therefore proper as to Steen.

We affirm the trial court's judgment as to Patricia Steen, and reverse and remand as to Pettitte, Payne, and Dickson.