**Dorothy GARRETT, Appellant,**

v.

**L.P. McCUISTION COMMUNITY HOSPITAL d/b/a McCuistion Regional Medical Center, Appellee.**

No. 06–99–00131–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 29, 2000.

Decided Oct. 13, 2000.

Stephen R. Goetzmann, Michael T. Maher, Dallas, for appellant.

Joel J. Steed, C. Timothy Reynolds, Law Offices of Joel J. Steed, PC, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Dorothy Garrett appeals a summary judgment granted in favor of L.P. McCuistion Community Hospital d/b/a McCuistion Regional Medical Center ("the Hospital"). Garrett sued the Hospital, three physicians, including Dr. Dennis Schmidt, and their professional associations for medical malpractice. The Hospital moved for summary judgment, which the trial court granted.[1] Garrett later settled her claim with Dr. Schmidt, nonsuited the other physicians and their associations, and nonsuited the Hospital with respect to all other claims.

Garrett's petition alleged that Dr. Schmidt misdiagnosed a spinal mass as a cancerous lesion instead of a spinal abscess. Dr. Schmidt, a radiologist, is a partner in Radiology Consultants, P.A., which contracted with the Hospital to provide radiologists for the Hospital's radiology department. Garrett alleged that the

---

1. After the Hospital moved for summary judgment, Garrett amended her petition to add additional causes of action against the Hospital. Therefore, the summary judgment the trial court granted was a partial summary judgment. Later, however, the court dismissed the additional claims against the Hospital on Garrett's motion for a nonsuit, thus making the summary judgment a final, appealable judgment.

Hospital was vicariously liable for the negligence of Dr. Schmidt under the theory of apparent or ostensible agency.

■ The Hospital's motion for summary judgment did not expressly state whether it was brought under Tex.R.Civ.P. 166a(a), (b), or (i). Neither these subsections nor subsection (c) prescribe a particular form, style, or outline for the motion and do not require that the motion state under which subsection it is brought. Though the better practice is to refer to the appropriate subsection in the title or the body of the motion, the requirement of specificity under Rule 166a(c) is satisfied if the grounds stated in the motion give fair notice to the nonmovant. *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex. App.—Amarillo 1999, pet. denied); *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App.—Austin 1995, writ denied); *Pettitte v. SCI Corp.*, 893 S.W.2d 746, 747 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Construing the Hospital's motion, we find it is a no-evidence motion pursuant to Rule 166a(i). The basis for such a motion is that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R.Civ.P. 166a(i). In its motion, the Hospital contended there was no evidence to support the second element of ostensible agency, i.e., that it affirmatively held out Dr. Schmidt as its agent or employee, or that it knowingly allowed Dr. Schmidt to hold himself out as its agent or employee.

When a no-evidence motion is presented under Rule 166a(i), the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, the non-moving party must present some summary judgment evidence that raises a genuine fact issue on the specific challenged elements of the claims on which the nonmovant would have the burden of proof at trial. Tex.R.Civ.P. 166a notes and comments; *McCombs v. Children's Med. Ctr. of Dal-*

*las*, 1 S.W.3d 256, 258 (Tex.App.—Texarkana 1999, pet. denied).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d at 258–59; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.—Austin 1998, no pet.). We thus determine whether Garrett produced any evidence of probative force to raise a fact issue on the question of whether the Hospital held out Dr. Schmidt as its agent or employee, or knowingly allowed Dr. Schmidt to hold himself out as such. *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d at 258; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d at 70. We consider all the evidence in the light most favorable to Garrett, disregarding all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d at 258.

A no-evidence summary judgment is improper if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d at 258; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d at 711; *McCombs v. Children's Med. Ctr. of Dallas*, 1 S.W.3d at 258.

■ A hospital may be vicariously liable for the negligence of its physicians under a theory of ostensible agency if the physician is negligent and proximately causes the injury, and if the plaintiff proves the elements of ostensible agency. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947–48 (Tex.1998). The elements of ostensible agency are (1) the patient had a reasonable belief that the

physician was the agent or employee of the hospital, (2) such belief was generated by the hospital affirmatively holding out the physician as its agent or employee, or knowingly permitting the physician to hold himself out as the hospital's agent or employee, and (3) the patient justifiably relied on the representation of authority. *Id.* at 949.

The Hospital's motion challenged the second element of ostensible agency. In response, Garrett produced her affidavit, in which she stated that she knew the Hospital had a radiology department; she received a Magnetic Resonance Imaging (MRI) scan at the Hospital; she knew that MRIs were read on site at the Hospital; she believed a radiologist working for the Hospital would be reading her MRI; she did not choose the radiologist; no one at the Hospital represented that the radiologist was an independent contractor; the radiology department did not have signs indicating that the doctors were independent contractors; and she could not recall seeing any forms indicating that the radiologists were independent contractors.

Garrett relies primarily on *Smith v. Baptist Mem'l Hosp. Sys.*, 720 S.W.2d 618, 623–26 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.), *disapproved on other grounds*, *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 509 (Tex.1997), and *Brownsville Med. Ctr. v. Gracia*, 704 S.W.2d 68, 75 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), as factually similar cases in which the appellate courts found that a doctor was the hospital's ostensible agent. In both of these cases, the hospital had contracted with a group of doctors to staff its emergency room; the group of doctors hired the doctor who rendered treatment; patients arriving at the emergency room typically did not choose the doctor who treated them; there was no evidence that patients entering the emergency room were put on notice that the doctors were independent contractors; and the hospital directly billed the patient for emergency room services. *Smith v. Baptist Mem'l*

*Hosp. Sys.*, 720 S.W.2d at 624; *Brownsville Med. Ctr. v. Gracia*, 704 S.W.2d at 75. The *Gracia* court found there was sufficient evidence to uphold a jury's finding that the doctor was the hospital's ostensible agent; the *Smith* court reversed a summary judgment for the hospital, finding that the patient had successfully raised a fact issue on the question of ostensible agency. *Smith v. Baptist Mem'l Hosp. Sys.*, 720 S.W.2d at 626; *Brownsville Med. Ctr. v. Gracia*, 704 S.W.2d at 75.

In *Smith*, the court held that, "The simple fact [the doctor] manifested the authority of a competent physician placed the fact issue of ostensible authority in issue." *Smith v. Baptist Mem'l Hosp. Sys.*, 720 S.W.2d at 625. The court went on to state that sound public policy demands that when an institution represents itself as a "full service hospital," that institution makes a special statement to the public that its agents, and not independent contractors, will provide medical care. *Id.*

However, our Supreme Court has rejected the proposition that an ostensible agency may be established any time the hospital allows the doctor to serve its patients. In *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d at 949, the court overruled a lower court's decision to impose a nondelegable duty on hospitals for the negligence of emergency room physicians. Garrett contends that *Sampson* is distinguishable from her case because there the patient had signed a consent form and the hospital had posted signs explaining that the emergency room doctors were independent contractors. She argues that the court's language in *Sampson* noting that the hospital *did not fail to take reasonable efforts* to disabuse patients from believing the doctors were employees demonstrates that a hospital must *affirmatively clarify* for its patients its relationship with the doctors who work at the hospital.

█ We disagree. The Supreme Court has made it clear that an ostensible agency is established only when the hospital engages in some affirmative conduct that

holds the doctor out as its agent or employee, or when it knowingly allows the doctor to hold himself out as an employee. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d at 949. A hospital must clarify for its patients its relationship with a doctor only to the extent that the hospital or the doctor has affirmatively held out that the doctor is its agent or employee. The court's statement in *Sampson* expresses this idea. *See also Sampson v. Baptist Mem'l Hosp. Sys.*, 940 S.W.2d 128, 138–39 (Tex.App.—San Antonio 1996) (Duncan, J., dissenting). To hold otherwise would effectively create a presumption of ostensible agency any time the hospital chooses to offer radiology or other services. The Supreme Court has firmly rejected this proposition. *Baptist Mem'l Hosp. . Sys. v. Sampson*, 969 S.W.2d at 949.

In a case with facts similar to the present case, the court found that the hospital did not take any affirmative action to hold out the doctor as its agent. In *Denton v. Big Spring Hosp. Corp.*, 998 S.W.2d 294, 296 (Tex.App.—Eastland 1999, no pet.), after the patient presented himself at the hospital's emergency room, a doctor admitted him to the hospital and continued to treat him during his stay. The patient submitted evidence that he did not choose the doctor, that he did not recall seeing any signs or signing any forms regarding the doctor's employment status, and that the patient's wife had heard advertisements for the hospital four or five years earlier claiming that the hospital had the best doctors. *Id.* at 297. The court of appeals found no genuine issue of material fact on the question of ostensible agency because there was no evidence that the hospital determined the doctor's schedule or that at the time of the injury, the hospital held out the doctor as its agent or employee, notwithstanding its previous advertisements.

In each of the cases of *Sampson, Gracia*, and *Smith*, the evidence showed that emergency room doctors met with and treated the patient. Our case involves a radiologist who is not alleged to have directly met with, treated, or advised the patient. Thus, it cannot be contended that Dr. Schmidt's actions or omissions, or his mere presence as an authoritative medical specialist, held him out as the Hospital's agent or employee.

Garrett's affidavit shows only that she believed that the radiologist who read her MRI was the Hospital's employee. She testified, however, that she did not know whether Dr. Schmidt was an independent contractor or an employee. Garrett also testified in her deposition that the Hospital did no affirmative act causing her to believe Dr. Schmidt was its employee. Rather, her assumption that he had some kind of affiliation with the Hospital arose solely from her experiences as a nurse at another treatment facility and formerly at McCuistion Hospital, and the fact that the radiologists had their working space or offices at the Hospital. Garrett also testified she went to McCuistion Hospital because she had previously worked there and knew about its level of care, and that she did not go there as a result of any advertisement that the Hospital offered "full care" or any similar representation. This does not constitute any evidence that the Hospital held out Dr. Schmidt as its agent or employee. We hold that the summary judgment evidence fails to raise a fact issue on the second element of ostensible agency in that it fails to show that the Hospital held out Dr. Schmidt as its agent or employee.

For the reasons stated, we affirm the trial court's judgment.

### Dissenting Opinion by Justice GRANT.

GRANT, Justice, dissenting.

The issue at stake in our courts is whether a hospital should make an effort to inform health care consumers whether they are being treated by someone for whom the hospital is responsible or an independent contractor for whom the hospital has no responsibility. These health care consumers, just like Dorothy Garrett,

go to the hospital for health care. Nothing informed Dorothy Garrett that the radiologist was not acting on behalf of the Hospital. The doctrine of apparent or ostensible agency should be applied to estop the hospital from disclaiming responsibility for the acts of the radiologist under the facts of this case.

The salient opinion in which the Texas Supreme Court spoke to these situations, and the opinion relied upon by the majority, is *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945 (Tex.1998). In that case, the Supreme Court found there was no affirmative conduct by the hospital that would lead a reasonably prudent patient to believe that the treating emergency room physicians were hospital employees. There are circumstances in the present case from which apparent or ostensible agency could be inferred that did not exist in the *Sampson* case. The Supreme Court's finding in the *Sampson* case was drawn from a totality of the circumstances as to whether there were facts that would support an affirmative act by the hospital. In that case, two factors existed that do not exist in the present case. In *Sampson*, the hospital had posted signs and required signatures on consent forms to disabuse the patients of the notion that the treating physicians were agents or employees of the hospital. In the present case, no effort was made by the hospital to inform patients that on-sight radiologists chosen by the hospital were not hospital agents or employees.

I read the *Sampson* case to hold that even though the hospital housed the radiologists and even though the hospital chose the radiologist for the patient, this was not an affirmative act because it was accompanied by efforts by the hospital with posted signs and consent forms separating radiologists' conduct from that of the hospital. Without these acts by the hospital or some similar acts to inform the patients, I would hold that providing facilities within the hospital premises and designating the specific radiologist to handle the care would be sufficient to establish a finding of apparent or ostensible agency.

I respectfully dissent.