In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00074-CV


______________________________




TABITHA LATTRELL, Appellant



V.



CHRYSLER CORPORATION AND


BONHAM CHRYSLER, Appellees



 


On Appeal from the 196th Judicial District Court


Fannin County, Texas


Trial Court No. 32343




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Tabitha Lattrell appeals from an order granting a no-evidence summary judgment in favor
of DaimlerChrysler Corporation and Bonham Chrysler (together, "Chrysler") in Lattrell's personal
injury suit alleging she was injured when an air bag in her car failed to deploy. (1) Lattrell contends
the trial court erred in (1) failing to grant her Motion to Reconsider and for New Trial because the
trial court was unaware of her response and affidavits opposing summary judgment; (2) granting
summary judgment because she did not have adequate time to conduct discovery; and (3) granting
summary judgment because her summary judgment response and affidavits raised fact issues
precluding summary judgment. She also contends Tex. R. Civ. P. 166a, as written and applied,
violates her rights under various provisions of the Texas Constitution.

 On March 24, 1995, Lattrell was involved in an automobile collision. Almost two years after
the collision, on March 3, 1997, Lattrell sued Chrysler Corporation and Bonham Chrysler. She
alleged violations of the Texas Deceptive Trade Practices - Consumer Protection Act (DTPA) and
design defect theories based on strict liability. On April 19, 1999, over two years after Lattrell filed
her lawsuit and four years after the collision, Chrysler filed a No Evidence Motion for Summary
Judgment, alleging that (1) Lattrell had not pleaded a legally viable cause of action under the DTPA,
and (2) after an adequate time for discovery, Lattrell had no evidence of three elements of her design
defect claim.

 On May 21, 1999, Lattrell filed a response with three affidavits attached. In her response,
she alleged (1) she had not had adequate opportunity to conduct discovery because her lawyer had
been busy with other cases; (2) the attached affidavits raised fact issues precluding summary
judgment; and (3) the trial court would violate the due process, open courts, and jury trial provisions
of the Texas Constitution if it granted summary judgment. Her response contained no response to
Chrysler's allegation that Lattrell had not pleaded a legally viable cause of action under the DTPA.

 On September 15, 1999, the trial court signed an Agreed Docket Control Order stating that
all discovery, with the exception of expert depositions, shall be completed by October 15, 1999. 
After the close of discovery, on October 21, 1999, Chrysler renewed its motion for summary
judgment and filed additional documentation in support of the motion. The additional material
documented Lattrell's repeated failure to produce her experts for deposition, despite numerous agreed
deposition dates and Rule 11 agreements. The documentation shows Chrysler finally took
certificates of nonappearance when Lattrell's two experts failed to appear for their separately
scheduled depositions. (2)

 Chrysler's renewed motion for summary judgment was set for a hearing on December 16,
1999. Lattrell obtained a continuance. The hearing was reset for January 28, 2000. Lattrell obtained
another continuance. The hearing was reset for February 10, 2000. Though Lattrell sought yet
another continuance, the trial court denied her motion and proceeded to grant Chrysler's motion
without stating the basis for its order. Although there is no record of this hearing, Lattrell and
Chrysler aver in later filings that counsel for both sides were either unaware of or had forgotten that
Lattrell had filed a response to the summary judgment motion some eight months earlier. Lattrell's
own counsel at the hearing was unable to advise the trial court whether a response had been filed. (3)

 Lattrell moved for reconsideration of the trial court's order granting summary judgment, and
Chrysler filed a response. The trial court conducted a hearing from which there is no record; the
motion was overruled by operation of law on April 25, 2000.

DTPA Claim

 Chrysler moved for summary judgment on Lattrell's DTPA claim on the ground that Lattrell
presented no evidence of an actionable DTPA claim. At oral argument, Latrell conceded the DTPA
claim. Summary judgment was therefore appropriate on Lattrell's DTPA claim.



Design Defect Claim

 Lattrell contends Tex. R. Civ. P. 1, fundamental fairness, and justice require reversal with
remand for a hearing on her summary judgment motion in light of the fact that at the hearing on the
motion for summary judgment, the trial court was unaware of the response and affidavits she filed
in opposition to Chrysler's summary judgment motion. (4)

 The summary judgment order states the trial court considered the pleadings on file in
deciding Chrysler's motion. Lattrell's response with attached affidavits was on file when the trial
court signed its order. Therefore, Chrysler contends, this court should not look beyond the recitation
in the order to speculate as to whether the trial court considered Lattrell's response and affidavits. 
Chrysler cites Frazier v. Yu, 987 S.W.2d 607 (Tex. App.-Fort Worth 1999, pet. denied), in support
of its position. 

 We read Frazier as standing for two propositions: (1) docket notations will not serve to
impeach contrary recitations in a trial court's judgment, and (2) when a movant objects to the
nonmovant's affidavits, and the trial court grants a no-evidence summary judgment stating that it has
viewed all competent summary judgment evidence, the inference is that the trial court implicitly
sustained the movant's objections to the affidavits. Id. at 610-11. But see Well Solutions, Inc. v.
Stafford, 32 S.W3d 313, 317 (Tex. App.-San Antonio 2000, no pet.) (holding that a ruling on a
motion for summary judgment does not imply a ruling on the movant's objection to the nonmovant's
summary judgment proof).

 Here, the recitation is not contradicted by docket notations, but rather by the admissions of
both Lattrell and Chrysler that the trial court was misinformed by counsel at the summary judgment
hearing. Moreover, although Chrysler's reply to Lattrell's summary judgment response pointed out
a number of alleged deficiencies in the affidavit of Lattrell's expert, Chrysler made no motion to
strike the affidavit. Therefore, Frazier does not prevent us from examining the record to address
Lattrell's contention that the trial court did not consider her response and affidavits.

 We conclude, however, the record dispels any doubt as to whether the trial court considered
Lattrell's response and attached affidavits. The record shows that in response to the trial court's order
granting summary judgment, Lattrell filed a motion to reconsider in which she brought to the trial
court's attention the previously filed summary judgment response and attached affidavits. Chrysler's
response to Lattrell's motion confirmed that counsel present at the hearing mistakenly thought
Lattrell had filed no response. The trial court held a hearing on Lattrell's motion and both parties
appeared. We have no record of this hearing. Following the hearing, the trial court did not change
its ruling on the summary judgment motion; the motion for reconsideration was eventually overruled
by operation of law. The record thus shows the trial court declined to change the order even after
having an opportunity to review Lattrell's response and attached affidavits and asked to reconsider.

 Further, at oral argument Lattrell conceded that because the trial court was aware of her
response and affidavits at the hearing on her motion to reconsider, it must have considered her
response and affidavits in ruling on the motion for summary judgment, or in allowing her motion to
reconsider to be overruled by operation of law.

 Lattrell next contends the summary judgment was premature because she did not have
adequate time to conduct discovery. Texas Rule of Civil Procedure 166a(i) states that summary
judgment is proper only after the parties have had adequate time for discovery. The rule does not
require that discovery be complete, only that adequate time for discovery have passed. In re Mohawk
Rubber Co., 982 S.W.2d 494, 498 (Tex. App.-Texarkana 1998, no pet.). When a party contends it
has not had adequate opportunity for discovery before a summary judgment hearing, it must file
either an affidavit explaining the need for further discovery or a verified motion for continuance. 
Tex. R. Civ. P. 166a(g); Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996); Green
v. City of Friendswood, 22 S.W.3d 588, 594 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

 Lattrell observes she filed a verified motion for a continuance of the February 10 hearing on
Chrysler's motion for summary judgment. The motion states that Lattrell's attorney would not be
able to attend the hearing because of another trial setting. The motion also claims Lattrell's attorney
had been prevented, by work on other pending cases, "from preparing the Plaintiff's affidavits and
other written responses to the Defendants' pending motions," a rather dubious contention given that
Lattrell filed a response with supporting affidavits nearly nine months earlier. 

 Chrysler contends the motion for continuance was insufficient to put the trial court on notice
that she needed more time for discovery. Even if Lattrell's motion for continuance was sufficient,
however, the trial court did not abuse its discretion in overruling it.

 The record reflects Lattrell continuously and systematically frustrated Chrysler's efforts to
conduct discovery, while conducting virtually no discovery of her own during the two years between
filing suit and being served with Chrysler's no-evidence motion for summary judgment. The record
shows Lattrell refused to answer even a single interrogatory or request for production during the first
year of the case. Then, when forced to provide discovery by Chrysler's motions to compel and to
dismiss for want of prosecution, she raised numerous frivolous, untimely objections that she was
eventually forced to withdraw. She cancelled and rescheduled her own deposition and those of her
experts numerous times. Chrysler finally took Certificates of Non-Appearance for the experts, and
Lattrell was never deposed. Lattrell also violated Rule 11 agreements, failed to sign authorizations
until a year and a half after they were due, and obtained numerous continuances. She made
numerous misrepresentations to the trial court with regard to her failure to participate fairly in the
discovery process.

 During the two years after she filed suit, the extent of Lattrell's discovery efforts included a
set of Tex. R. Civ. P. 194 disclosure requests, with which Chrysler timely complied, and requests
to depose the company representative with the most knowledge about the air bag. The parties agreed
a company representative would be deposed after Lattrell's deposition, but Lattrell was never
presented for deposition (despite being noticed several times). Lattrell abandoned all efforts at
discovery some six months prior to Chrysler's no-evidence motion for summary judgment.

 Further, the trial court had already granted Lattrell's two previous motions for continuance,
and Lattrell had already filed a response with supporting affidavits almost nine months before. 
Under these circumstances, the trial court did not abuse its discretion in overruling Lattrell's motion
for continuance.

 Lattrell next contends the trial court erred in granting a no-evidence summary judgment
because her summary judgment response and affidavits presented some evidence of the challenged
elements of her design defect claim. When a no-evidence motion is presented under Rule 166a(i)
the movant does not bear the burden of establishing each element of its own claim or defense as
under subparagraph (a) or (b). Garrett v. L.P. McCuistion Cmty. Hosp., 30 S.W.3d 653, 655 (Tex.
App.-Texarkana 2000, no pet.). Rather, although the nonmoving party is not required to marshal
its proof, it must present evidence that raises a genuine fact issue on the challenged elements of the
claims on which the nonmovant would have the burden of proof at trial. Id.

 Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply
the same legal sufficiency standard as we apply in reviewing a directed verdict. Id. We consider all
the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and
inferences. Id. A no-evidence summary judgment is improperly granted if the nonmovant presents
more than a scintilla of probative evidence to raise a genuine issue of material fact. Id. More than
a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions. Id. Because the trial court's order does not specify
the ground or grounds on which the summary judgment was granted, we affirm if any of the theories
advanced in the summary judgment motion is meritorious. Harwell v. State Farm Mut. Auto. Ins.
Co., 896 S.W.2d 170, 173 (Tex. 1995).

 To prevail on her design defect theory, Lattrell had the burden of proving: (1) the air bag was
defectively designed when sold; (2) the air bag was unreasonably dangerous (weighing the risk and
utility) to her; (3) the air bag reached her without substantial change in the condition in which it was
sold; (4) the defective and unreasonably dangerous condition of the air bag caused physical harm to
her; (5) there was a safer, feasible alternative design; and (6) the defect was a producing cause of her
injury. Jaimes v. Fiesta Mart, Inc., 21 S.W.3d 301, 306 (Tex. App.-Houston [1st Dist.] 1999, no
pet.). In its motion for summary judgment, Chrysler alleged Lattrell had no-evidence of three
elements of her claim: (1) that the air bag was defectively designed when sold; (2) that there was
a safer, feasible alternative design; and (3) that the alleged defect was a producing cause of her
injury.

 At oral argument, Lattrell contended that proof of a safer, feasible alternative design is not
a required element of her design defect claim. Specifically, she contends this element became part
of a design defect cause of action in 1997, after the accident giving rise to her claim.

 The requirement that the plaintiff prove there was a safer, feasible alternative design is found
in Tex. Civ. Prac. & Rem. Code Ann. § 82.005 (Vernon 1997). That provision became effective
on September 1, 1993, and applied to a cause of action that accrued on or after that date. Act of Feb.
23, 1993, 73rd Leg., R.S., ch. 5, §§ 3-4, 1993 Tex. Gen. Laws 13, 15. The collision in the present
case occurred on March 24, 1995; therefore, Lattrell's cause of action is governed by Section 82.005.

 Lattrell cites Sipes v. Gen. Motors Corp., 946 S.W.2d 143, 156 n.8 (Tex. App.-Texarkana
1997, writ denied), but Sipes does not support her argument. In Sipes we noted that Section 82.005
did not apply because it did not take effect until shortly after the collision in the Sipes case, but the
opinion does not state the date of the collision. The provision in question took effect on
September 1, 1993, before the collision in the present case. Prior to the enactment of this new
section, the statute required a balancing or risk versus utility test. See 2 J. Hadley Edgar, Jr. &
James B. Sales, Texas Torts and Remedies § 41.03[3][b][i]-[ii] (Matthew Bender & Co. ed.
Supp. Feb. 2001). The underlying issue in Sipes was opposing factual contentions. Both parties
agreed that the air bag should have deployed in a frontal impact, but the defendant contended that
a side impact had occurred and the plaintiffs contended that a frontal impact had occurred. The
defendant took the position that there was no defect because the air bag was not designed to deploy
in a side impact situation. This is not the issue before the court in the present case.

 We review Lattrell's summary judgment evidence to determine whether she produced any
competent evidence as to each of Chrysler's challenged elements. Lattrell's summary judgment
evidence consists of three affidavits, including her own, her attorney's, and her expert's. All three
are silent on the issue of a safer, feasible alternative design. Nor is this issue mentioned in Lattrell's
response to the summary judgment motion. Because Lattrell produced no evidence of one element
of her claim, we will affirm the no-evidence summary judgment on that basis. See Harwell, 896
S.W.2d at 173.

Constitutional Claims

 Lattrell contends Texas Rule of Civil Procedure 166a(i) is unconstitutional as written and as
applied. She contends her rights under Article I, Sections 13, 15, and 19 (open courts, right to trial
by jury, and due process, respectively) of the Texas Constitution have been violated. See Tex.
Const. art. I, §§ 13, 15, and 19.

Open Courts Provision

 The open courts provision provides, "All courts shall be open, and every person for an injury
done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." 
Tex. Const. art. I, § 13. The doctrine "is premised upon the rationale that the legislature has no
power to make a remedy by due course of law contingent upon an impossible condition." Diaz v.
Westphal, 941 S.W.2d 96, 100 (Tex. 1997) (quoting Moreno v. Sterling Drug, Inc., 787 S.W.2d 348,
351, 355 (Tex. 1990)). To establish a right to redress under the open courts provision, a party must
show (1) that he or she has a cognizable common law cause of action, and (2) that the restriction of
the claim is unreasonable or arbitrary when balanced against the statute's purpose. Id.

 Summary judgment proceedings have long been recognized in the law, and this procedure
does not deny a party to have a remedy by due course of law in open court. In Peeler v. Hughes &
Luce, 909 S.W.2d 494, 499 (Tex. 1995), the Texas Supreme Court interpreted Article I, § 13 of the
Texas Constitution to apply only to statutory restrictions of a cognizable common law cause of
action.

 Second, even if the open courts provision is applicable, the purpose of the no-evidence
summary judgment rule, which is to expeditiously dispose of unmeritorious claims, greatly
outweighs a party's interest in maintaining its claims without obtaining, after a reasonable
opportunity for discovery, even a scintilla of evidence in support of those claims. The nonmovant's
burden to raise a mere scintilla of evidence with respect to the challenged elements of its claims after
a reasonable opportunity for discovery does not constitute the type of "impossible condition" that
has been found to give rise to an open courts violation. See, e.g., DeRuy v. Garza, 995 S.W.2d 748,
752 (Tex. App.-San Antonio 1999, no pet.) (statute of limitations violated the open courts provision
by precluding a patient's claim before she learned of misdiagnosis); Glyn-Jones v.
Bridgestone/Firestone, Inc., 857 S.W.2d 640, 643-44 (Tex. App.-Dallas 1993), aff'd on other
grounds, 878 S.W.2d 132 (Tex. 1994) (statute violated open courts provision by prohibiting use of
seat belt evidence in civil trials thereby preventing redress for injuries to plaintiffs who allege that
defective seat belt systems contributed to the severity of their injuries); Hanks v. City of Port Arthur,
121 Tex. 202, 48 S.W.2d 944, 945 (Tex. 1932) (ordinance violated the open courts provision
prohibiting recovery for injuries to persons or property from defects in city property unless one of
the city commissioners had notice of the defect at least twenty-four hours before the injury).

 With respect to Lattrell's claim that Rule 166a(i) as applied to her violates the open courts
provision, we have already stated that Lattrell did not diligently pursue discovery in over two years
to bring forward evidence raising a fact issue regarding her design defect claim. She contends in her
summary judgment reply that she was focused on "getting genuine information and moving on to
trial," and that Chrysler hindered her efforts to depose company representatives and engaged in
"hyper-technical nit-picking." The record simply does not bear out her claim. To the contrary, the
record shows that Lattrell failed to cooperate in the discovery process altogether and that she only
noticed her first deposition as an attachment to her response to the summary judgment motion. 
Under such circumstances, we cannot say the application of Rule 166a(i) violated the open courts
provision.

Right to a Trial by Jury

 The Texas Constitution provides, "The right of trial by jury shall remain inviolate." Tex.
Const. art. I, § 15. Lattrell contends Rule 166a(i) requires her to try her case "by affidavit" instead
of before a jury, in contravention of the constitutional right embodied in Section 15. The right to a
jury trial in civil cases is not absolute, but rather is regulated by rules specifying its availability. 
Green v. W. E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968). The purpose of the summary
judgment rule is not to provide trial by affidavit, but rather to provide a method of summarily
terminating a case when it clearly appears that only questions of law are involved and that there are
no genuine issues of fact. Port Distrib. Corp. v. Fritz Chem. Co., 775 S.W.2d 669, 670 (Tex.
App.-Dallas 1989, writ dism'd by agr.). The rule does not deprive litigants of a jury trial where
there exists a material question of fact. When a party cannot show a material fact issue, there is
nothing to submit to a jury, and the grant of summary judgment to the opposing party does not
violate the constitutional right to a jury trial. Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.,
747 S.W.2d 464, 469 (Tex. App.-San Antonio 1988, no writ); Carrabba v. Employers Cas. Co., 742
S.W.2d 709, 717 (Tex. App.-Houston [14th Dist.] 1987, no writ); Mills v. Rice, 441 S.W.2d 290,
292 (Tex. Civ. App.-El Paso 1969, no writ); see also 68 Tex. Jur. 3rd Summary Judgment § 3
(1989) (summary judgment procedure does not infringe right to trial by jury).

Due Process

 Finally, we turn to Lattrell's contention that Rule 166a(i) violates her rights under the due 
process provision of the Texas Constitution. That provision provides that no citizen "shall be
deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except
by the due course of the law of the land." Tex. Const. art. 1, § 19. The summary judgment rule has
been in effect since 1950, and our courts have long upheld its validity under the due process clause. 
Parker v. Dallas Hunting and Fishing Club, 463 S.W.2d 496, 501 (Tex. Civ. App.-Dallas 1971, no
writ); Mills, 441 S.W.2d at 291 (citing Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952));
see also 68 Tex. Jur. 3rd Summary Judgment § 3 (1989) (summary judgment rule does not deprive
resisting party of due process of law).

 Lattrell does not explain whether she believes Rule 166a(i) as applied denied her procedural
or substantive due process. She does not contend she was denied notice or an opportunity to be
heard. Nor does she identify a protected property or liberty interest of which she is deprived. Her
entire due process argument consists of two short paragraphs, the bulk of which is a lengthy quote
from Clem v. Evans, 291 S.W. 871 (Tex. Comm'n App. 1927, holding approved), for the proposition
that the Legislature is prohibited from enacting a law that deprives a person of property, in violation
of procedural due process, by creating a presumption that a promise not performed within a
reasonable time was falsely and fraudulently made, where the presumption is rebuttable only by
proof of certain specifically enumerated reasons. Clem is not in point with this case.

 Lattrell then states:

 In a similar vein, subsection (i) unconstitutionally shifts the complete burden in
summary judgment proceedings to the plaintiff, thus effectively depriving the
plaintiff of a fair and reasonable opportunity (by making him engage in a full trial by
affidavit on the liability issue) to rebut the unfair and overly burdensome
presumption against his case.


 As discussed above, the summary judgment rule does not require a plaintiff to engage in a
full trial by affidavit. Lattrell was not required to marshal her evidence in answer to the summary
judgment motion; she was simply required to show the existence of some evidence on each element
of her claim. Drew v. Harrison County Hosp. Ass'n, 20 S.W.3d 244, 247 (Tex. App.-Texarkana
2000, no pet.). 

 Furthermore, her suggestion that subsection (i) imposes an unfair and overly burdensome
presumption against her case is without merit. There is no presumption against Lattrell's case. 
Indeed, application of the rule requires that the evidence be viewed in the light most favorable to her,
disregarding all contrary evidence and inferences, because she is the nonmovant. The rule as applied
did not serve to violate Lattrell's due process rights. We hold that Rule 166a(i) does not violate the
open courts, trial by jury, or due process provisions of the Texas Constitution.

 The judgment is affirmed.






 Ben Z. Grant

 Justice


Date Submitted: October 18, 2001

Date Decided: May 21, 2002


Publish
1. In her original petition, the plaintiff's name is spelled "Lattrell" and "Littrell." Because the
trial court's Order Granting Defendants' Motion for Summary Judgment refers to Tabitha Lattrell,
we refer to the appellant as Lattrell.
2. While the renewed motion for summary judgment was pending, Chrysler moved to sanction
Lattrell for failing to produce her experts for deposition. Lattrell never filed a response to the Motion
for Sanctions.
3. Lead counsel, Benton Musselwhite, was not present at the summary judgment hearing. At
Musselwhite's request, Lattrell was represented at the hearing by David Line, an attorney not
associated with Musselwhite's firm.
4. Tex. R. Civ. P. 1 states 

 The proper objective of rules of civil procedure is to obtain a just, fair,
equitable and impartial adjudication of the rights of litigants under established
principles of substantive law. To the end that this objective may be attained with as
great expedition and dispatch and at the least expense both to the litigants and to the
state as may be practicable, these rules shall be given a liberal construction.