**Marvis Nell JOHNSTON, Appellant,**

v.

**Paul VILARDI, Appellee.**

**No. 01–90–00464–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 3, 1991.

Rehearing Denied Nov. 7, 1991.

John Odom, Houston, for appellant.

Stephen P. Munisteri, Houston, for appellee.

Before DUGGAN, MIRABAL and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in favor of a physician in a medical malpractice case. We affirm in part and reverse and remand in part.

Appellant, Marvis Nell Johnston, sought medical attention from appellee, Paul Vilardi, M.D., for foot pain and discomfort caused by bone spurs and a chronic ingrown toenail. Vilardi performed a distal amputation to remove the nail and nail bed of Johnston's left great toe, and thereby shortened that toe. The surgery was effective, but because Johnston was unhappy with the physical appearance of her toe, she went to another orthopedic surgeon and to a cosmetic surgeon to modify her toe. As a result of the later procedures, she experienced complications and infections. She then brought a medical malpractice action against her original surgeon, Dr. Vilardi, claiming lack of informed consent and negligence. The trial court granted Dr. Vilardi's motion for summary judgment.

In a single point of error, Johnston contends that the trial court erred in granting summary judgment because genuine issues of fact exist regarding her allegations of lack of informed consent and negligence. We note at the outset that Johnston failed to timely file her amended response opposing Vilardi's summary judgment motion.

Dr. Vilardi filed a motion for summary judgment on February 1, 1990. In his motion, Dr. Vilardi specifically requested the trial court to consider his motion for summary judgment on the informed consent issue separately from his motion for summary judgment on the cause of action based on medical negligence during the surgery. His summary judgment evidence consisted of his own affidavit and excerpts from the deposition testimony of his nurse, Glenda Forbes; of the plaintiff, Johnston; and of her now deceased husband, Clyde Johnston; along with a copy of the disclosure and consent form signed by Johnston prior to her surgery. Johnston filed her initial response to Vilardi's motion for summary judgment on March 19, 1990, and attached to it the affidavit of her expert witness, John Bishop, M.D., and her own unsworn narrative allegations.

On March 23, 1990, three days before the summary judgment hearing, Johnston filed a motion for leave to file opposition and a corrected affidavit, together with portions of her own and her late husband's depositions. No order granting leave to file was signed. The summary judgment in favor of Dr. Vilardi was rendered on March 28, 1990, and consists of two separately signed orders granting summary judgment, one on the informed consent cause of action, and one on the cause of action based on medical negligence. The order recites that the court considered the "pleadings, motion and supporting affidavit and considered the arguments of counsel." The record is silent about whether the court considered appellant's untimely filed proof.

Rule 166a of the Texas Rules of Civil Procedure provides, in relevant part, that "[e]xcept on leave of court, the adverse party not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." This rule has been construed to mean that an untimely response is void unless the record affirmatively reflects the trial court's acceptance of the late filing. *Pinckley v. Gallegos*, 740 S.W.2d 529, 532 (Tex.App.—San Antonio 1987, writ denied) (no abuse of discretion in refusing to accept late-filed affidavits); *see also INA v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985) (it is presumed that the court did not consider a late summary judgment response where no record appears indicating leave to file).

Here, because nothing affirmatively shows that the court accepted Johnston's late-filed corrected affidavit and depositions, the presumption is that the trial court did not accept them. *Bryant*, 686 S.W.2d at 615. Thus, appellant may not rely upon them to defeat the summary judgment. *Id.* Therefore, this Court may consider only Johnston's timely-filed first response to the motion for summary judgment along with the attached affidavit of Dr. Bishop, her expert, in determining if Johnston raised a material fact issue to defeat summary judgment.

In reviewing a summary judgment, this Court must determine whether a disputed material fact issue exists. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We accept as true the nonmovant's version of the facts as supported by the record and the admissible summary judgment evidence. *Id.* All reasonable inferences are indulged in favor of the nonmovant and any doubts are resolved in her favor. *Id.* The movant bears the burden of demonstrating that there is no genuine issue of material fact regarding any essential element of the nonmovant's case and that the movant is entitled to judgment as a matter of law. *Id.*

Johnston's cause of action for lack of informed consent alleged that Dr. Vilardi performed a terminal Syme's amputation of the great toe of her left foot "either without her consent or beyond the scope of the consent given, if any." A physician has the duty to disclose all risks and hazards that could influence a reasonable person in making his or her decision to consent to the procedure. *Peterson v. Shields*, 652 S.W.2d 929, 931 (Tex.1983). Dr. Vilardi, as defendant for summary judgment, was obligated to negate at least one element of Johnston's cause of action for lack of informed consent. Instead, his own evidence presented a fact dispute on the material issue of his patient's informed consent.

Dr. Vilardi's affidavit states that he informed Johnston in detail of the surgical procedures available; that he discussed the inherent risks and hazards with her; and that the surgical procedure he performed is an approved and standard procedure in orthopedic surgery. However, attached to Dr. Vilardi's affidavit was a portion of Johnston's deposition containing her testimony that Dr. Vilardi never explained to her about a terminal Syme's amputation of her great toe and, in fact, never mentioned it to her at all. She stated: "I know that [terminal Syme's amputation] means amputation and he never talked to me about amputating the toe on the left foot." Further, she testified, her memory "was perfectly clear about Dr. Vilardi not mention-

ing to [her] about a terminal Syme's amputation." Finally, she testified that three lines on her consent form now contain three sentences that were not there when she signed the form; that she would have immediately "zoomed into the word 'amputation'" had it been on the page; and that her "testimony is that [she is] 100 percent sure that not a single word on the three lines we've been talking about after the word 'procedure' appeared on this form when it was handed to [her] by Nurse Forbes."

As the nonmovant on a motion for summary judgment, Johnston is not required to present issues of material fact to preclude summary judgment until after Dr. Vilardi, as movant, has presented competent extrinsic evidence demonstrating that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Knapp v. Eppright,* 783 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1989, no writ). Because Dr. Vilardi's own evidence shows that a fact issue exists regarding Johnston's theory of lack of informed consent, Johnston's point of error as it relates to the informed consent cause of action is sustained.

■ To establish that he was entitled to summary judgment as a matter of law on the issue of medical negligence during the surgery, Dr. Vilardi had to negate one of the following essential elements: (1) a duty of the physician to act according to a certain standard of care; (2) breach of the applicable standard of care; (3) injury; and (4) causal connection between the breach of care and the harm suffered. *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213, 217 (Tex.App.—Houston [1st Dist.] 1986, no writ). Dr. Vilardi's affidavit negates the elements of breach of duty and proximate causation.

Dr. Vilardi's affidavit clearly states that he acted in conformity with the applicable standard of care in performing the surgical procedure. Johnston's own expert, Dr. Bishop, concurred with this. Dr. Bishop stated that he had no disagreement with the actual technical procedures utilized and that the surgery is an approved procedure for a patient suffering from severe ingrown toenails. Dr. Vilardi's affidavit further provides that Johnston exhibited no signs of infection, was properly healing 10 days after the operation, and that she consulted Dr. Bishop and a plastic surgeon to improve the cosmetic appearance of her toe, not to correct medical negligence. Dr. Bishop's affidavit did not controvert the testimony of Dr. Vilardi. Dr. Bishop stated that the toe was not tender or symptomatic, but was cosmetically unappealing to Johnston. The uncontroverted summary judgment evidence establishes that Dr. Vilardi did not breach the prevailing standard of care and that no complications or damage arose during the course of cosmetic surgery to improve the appearance of the toe. Therefore, Dr. Vilardi is entitled to partial summary judgment on that portion of Johnston's suit alleging a medical negligence cause of action.

Because the two causes of action are separate and distinct, we affirm the summary judgment on Johnston's cause of action for medical negligence during the surgery, and we reverse and remand the summary judgment on Johnston's cause of action for lack of informed consent.

The judgment of the trial court is affirmed in part and reversed and remanded in part.