Affirmed and Memorandum Opinion filed May 22, 2003









Affirmed and Memorandum Opinion filed May 22, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00482-CV

____________

 

JOSEPH
P. CONTE, JR., Appellant

 

V.

 

LOUIS DITTA,
GUARDIAN OF 

THE ESTATE OF DORIS L. CONTE, Appellee

 



 

On Appeal from Probate Court No. 1

Harris County, Texas

Trial Court Cause
No. 294,307-403

 



 

M E M O R A N D U M   O P
I N I O N

 

Appellant Joseph P.
Conte, Jr. brings a pro se appeal from the granting of summary judgment
in favor of appellee Louis M. Ditta, guardian of the estate of Doris L. Conte,
an incapacitated person.  Asserting three
points of error, appellant claims summary judgment was improper.  We affirm.

FACTUAL
AND PROCEDURAL HISTORY

In
compliance with the terms and conditions of a settlement agreement executed
November 5, 1996, appellant Joseph Conte, Jr. executed and delivered two
unsecured promissory notes to his mother, Doris L. Conte.  The notesCone
for $171,000 and one for $180,000Cwere
each payable on or before November 1, 2000. 
Appellant made no payment on the notes.

On
February 1, 2001, Ditta, as guardian of the estate of Doris, who is now an
incapacitated person, made demand on Joseph for payment.  Despite Ditta=s
demand, appellant made no payments on the notes;  therefore, Ditta filed suit against Joseph.

On
October 31, 2001, Ditta filed a motion for summary judgment asserting, as a
matter of law, that appellant was liable on the notes.  This motion was heard on January 17, 2002, at
which time the trial court granted appellee=s
motion for summary judgment.  This appeal
arises from the granting of that motion.

ISSUES
ON APPEAL

On
appeal, appellant asserts three points of error, contending the trial court
erred in granting appellee=s
motion for summary judgment for the following reasons: (1) appellant was
excused from performing under the original settlement agreement because
appellee materially breached Doris’ obligations under the agreement and
appellant signed the settle-ment agreement under
duress; (2) the matter was pending in another lawsuit filed by appel-lant against appellee; and (3) there were fact and
law issues that preclude summary judgment.

STANDARD
OF REVIEW








A
summary judgment is proper only when a movant establishes there is no genuine
issue of material fact and that he is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.
1972).  In a summary judgment proceeding,
the burden of proof is on the movant and all doubts as to the existence of a
genuine issue of fact are resolved against the movant.  Roskey v. Tex. Health Facilities Com=n,
639 S.W.2d 302, 303 (Tex. 1982).  Once
the movant has established a right to a summary judgment, the burden shifts to
the nonmovant.  Macias v. Fiesta Mart,
Inc., 988 S.W.2d 316, 317 (Tex. App.CHouston [1st Dist.] 1999, no pet.).  The nonmovant must respond to the motion by
presenting any fact issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 679 (Tex. 1979). 

A
summary judgment is reviewed de novo. 
Natividad v. Alexsis, Inc., 875 S.W. 2d 695, 699 (Tex.
1994).  The appellate court can consider
the record only as it existed at the time summary judgment was entered.  Johnnie C. Ivy Plumbing Co. v. Keyser,
601 S.W.2d 158, 160 (Tex.
App.CWaco 1980, no
writ).  

If
the reviewing court determines that summary judgment was improperly
granted,  the reviewing court will
reverse the judgment and remand the cause for further proceedings.  Lubbock County, Tex. v. Trammel=s Lubbock Bail Bonds,
80 S.W.3d 580, 584 (Tex. 2002).

APPELLEE ENTITLED 

TO JUDGMENT AS
MATTER OF LAW

 

To
collect on a promissory note, a plaintiff must establish (1) the existence of
the note in question, (2) the defendant signed the note, (3) the plaintiff is
the owner and holder of the note, and (4) a certain balance is due and owing on
the note.  Cadle Co. v. Regency Homes,
Inc., 21 S.W.3d 670, 674 (Tex. App.CAustin 2000, pet. denied); Commercial
Services of Perry v. Wooldridge, 968 S.W.2d 560, 564 (Tex. App.CFort Worth
1998, no pet.); Blankenship, II v. Robins, 899 S.W.2d 236, 238  (Tex. App.CHouston [14th Dist.] 1994, no writ).  If no genuine issue of material fact exists
as to any of these elements, plaintiff is entitled to summary judgment as a
matter of law.  See Tex. R. Civ. P. 166a(c).








Here,
appellee established all four elements as a matter of law.  First, he established existence of the notes
by attaching true and correct copies of the notes as exhibits to his motion and
filing a sworn affidavit in verification of the copies.[1]  Next, he established appellant signed the
notes because appellant failed to deny the genuineness of his signatures on the
notes in his answer and his signatures were deemed admitted.[2]  Third, he established ownership and
possession of the notes because he offered summary judgment proof that the
notes were payable to Doris L. Conte. 
Appellee, as guardian of Doris=
estate, is entitled to enforce the instrument.[3]  Finally, Ditta established a balance due and
owing on the notes because he stated the following in his affidavit: (1) the
notes have a total principal amount of $351,000, (2) the notes have accrued a
total of $98,075.25 in interest and continue to accrue interest at ten percent
annually, and (3) reasonable attorney=s
fees will accrue at a rate of ten percent of all amounts due.








Because
appellee offered undisputed summary judgment proof on each of the four elements
necessary to establish the right to collect sums due under appellant=s promissory notes, there
is no genuine issue as to any material fact and appellee is entitled to summary
judgment as a matter of lawCunless
appellant can present summary judgment proof to raise a fact issue on an
affirmative defense.  See Kehoe v.
Lambert, 633 S.W.2d 576, 578 (Tex. App.CHouston [14th Dist.] 1982, writ ref. n.r.e.)
(nonmovant has burden of coming forward with proof which raises a fact issue
with respect to affirmative defense). 
This appellant has not done. 




APPELLANT=S AFFIDAVITS ARE NOT

PROPER
SUMMARY JUDGMENT PROOF

 

Before
considering appellant=s
three points of error, we must first determine if the summary judgment proof
upon which appellant relies was timely filed.

Appellee
filed his motion for summary judgment on October 31, 2000.  This motion was heard on January 17, 2001,[4]
at which time appellant presented, for the first time, his response:

Trial Court:                Okay, for the record, the Court
has had the opportunity to read the Motion for Summary Judgment.  There has been no response filed. Mr. Conte,
have you filed a written response within the last seven days?

Appellant:                   Yes, sir.

Trial Court:                When did you file it?

Appellant:                   On the 10th.

Trial Court:                I=m sorry?

Appellant:                   On the 10th.  I have my receipt here.

Opposing Counsel:    We have not received any response to our
motion.

Trial court:                 The Court hasn=t seen a response
either and I don=t have a notation in the Court=s computer that it
was filed.

Appellant:                   Here is my response with [a]
postmark from the post office.  And I
inadvertently didn=t notarize the affidavit and I sent that
with proof of mailing as well.








Trial Court:                You are arguing duress, coercion,
one in the same, economy, consolidation. 
Well, as to the actuality of the filing . . . you can keep those, Mr.
Conte B the originals of those [are] with the
clerk, I don=t know. 
The Court has taken the opportunity to read the response.  There being nothing in the response that
would compel the Court not to grant the summary judgment, so I will enter that
order for you today.

 

The
trial court=s
order was entered January 17, 2001.  The
record also includes a written response from appellant, file-stamped January
14, 2001 (to which an unnotarized affidavit is attached), and a second
affidavit by appellant, file-stamped January 15, 2001.  Appellant=s
second affidavit was notarized January 11, 2001.

From
the facts above, we conclude that, while appellant=s response was
deposited in the mail on January 10, 2001Cseven
days before the trial court=s
hearingCand therefore was
properly before the trial court on January 17, 2001, his affidavits were
not.

1.         Appellant=s first affidavit
cannot be considered because it was not notarized.

 

Without
notarization, a statement is not an affidavit and is not competent summary
judgment proof.  Coastal Cement Sand,
Inc. v. First Interstate Credit Alliance, Inc., 956 S.W.2d 562, 567 (Tex. App.CHouston [14th Dist.]
1997, writ denied); Hall v. Rutherford, 911 S.W.2d 422, 425 (Tex. App.CSan Antonio
1995, writ denied).

Thus,
appellant=s
first affidavitCwhich
was unnotarized and filed with appellant’s responseCmay not be considered on
appeal.   See Perkins v. Crittenden,
462 S.W.2d 565, 568 (Tex. 1970).

2.         Appellant’s second affidavit cannot be
considered because it was untimely.

 

A
response to a motion for summary judgment, including opposing summary judgment
evidence, must be filed no later than the seventh day before the date of the
summary judgment hearing, except on leave of court.  Tex.
R. Civ. P. 166a(c); Benchmark Bank v. Crowder, 919 S.W.2d 657,
663 (Tex. 1996); Hubert v. Illinois State Assistance Com=n,
867 S.W.2d 160, 162 n. 1 (Tex.
App.CHouston [14th Dist.]
1993, no writ). 








Permission
to file a late response may be reflected in a “separate order,” “a recital in
the summary judgment,” or an oral ruling contained in the reporter=s record of the summary
judgment hearing.  Neimes v. Ta, 985
S.W.2d 132, 138 (Tex.
App.CSan Antonio
1998, dism=d
by agr.).  If the record does not contain
an affirmative indication that the trial court permitted the late filing, the
response is a nullity.  Id. at
138; Benchmark Bank, 919 S.W.2d at 663; Brown v. Shores, 77
S.W.3d 884, 886 (Tex.
App.CHouston [14th Dist.]
2000, no pet.).  See also Johnston v.
Vilardo, 817 S.W.2d 794, 796 (Tex. App.CHouston [1st Dist.] 1991, writ denied) (an
untimely response is “void” unless the record affirmatively reflects trial
court=s acceptance of late
filing).

Here,
the last day for filing a timely response was January 10, 2001.  See Tex.
R. Civ. P. 4 and 166a(c).  See
also Geiselman v. Cramer Financial Group, Inc., 965 S.W.2d 532, 535 (Tex. App.CHouston [14th Dist.]
1997, no writ) (by mailing response to motion for summary judgment on October
31, set for hearing on November 7, appellants timely filed their response
within seven days of the hearing).  

Appellant
placed his response in the mail January 10; therefore, it was timely
filed.  See Tex. R. Civ. P. 5 (a document is timely
filed if sent to the proper clerk by first-class mail in a properly-addressed
and stamped envelope on or before the last day of filing and received no more
than 10 days tardily); Arnold v. Shuck, 24 S.W.3d 470, 472 (Tex. App.CTexarkana
2000, pet. denied).  See also
Geiselman, 965 S.W.2d at 535 (the Amailbox
rule@ applies to a response to
summary judgment motion). 

Appellant=s second affidavit,
however, was not timely filed.   See
Tex. R. Civ. P. 166a(c).  Indeed, appellant=s second affidavit was
notarized on January 11 and could not have been timely mailed.   

Because
appellant did not timely file his second affidavit, he had to obtain leave from
the trial court to file it.  Tex. R. Civ. P. 63 and 166a(c).  See also Goswami v. Metropolitan Sav.
& Loan Ass’n, 751 S.W.2d 487, 490 (Tex. 1988)
(finding summary judgment proceeding is trial within meaning of Rule 63).  This he did not do.








Indeed,
we find nothing in the record to indicate appellant soughtCor receivedCleave from the trial
court to file his untimely affidavit: there is no separate order, no recital in
the summary judgment, and no oral ruling indicating the trial court permitted
the late filing.[5]  

Thus,
we must presume the trial court did not consider appellant=s second affidavit.  See Benchmark Bank, 919 S.W.2d at 663
(a court of appeals must presume trial court did not consider late-filed
response unless something in record indicates to the contrary); Merchandise
Center, Inc. v. WNS, Inc., 85 S.W.3d 389, 394B95
(Tex. App.CTexarkana
2002, no pet.) (where record showed response was timely filed but supporting
affidavit was notCand
nothing in record indicates trial court granted leave to file summary judgment
proof lateCaffidavit
was not properly before trial court and so could not be considered by appellate
court); Johnston, 817 S.W.2d at 796 (where nothing in record
affirmatively showed court accepted appellant=s
late-filed corrected affidavit, presumption is that court did not accept it,
despite appellant=s
filing a motion for leave to file corrected affidavit).[6] 

Because
appellant=s
second affidavit was not timely filed and because nothing in the record
indicates appellant received leave of court to file it, it is incompetent
summary judgment proof.  See Benchmark
Bank, 919 S.W.2d at 663. 
Accordingly, this court may not consider it.  See K-Six TV v. Santiago, 75 S.W.3d
91, 96 (Tex. App.CSan Antonio
2002, no pet.) (holding that while trial court=s
orders recited it considered response, the orders did not recite trial court
considered amended response; thus, appellate court could not consider amended
response).




EXCUSE
OF PERFORMANCE

In
his first point of error, appellant asserts the trial court erred in granting
appellee=s motion for summary
judgment because appellant has two affirmative defenses:  (1) appellant is excused from performing
under his settlement agreement with Doris because appellee materially breached
Doris= obligations under the
agreement,[7]
and (2) appellant signed the settlement agreement under duress.  Appellant=s
assertions are without merit.

To
avoid summary judgment on the basis of an affirmative defense, a
defendant/non-movant must present evidence raising a fact issue on the elements
of the affirmative defense.  See Seale
v. Nichols, 505 S.W.2d 251, 254 (Tex. 1974) (in summary judgment
proceeding, the necessity of supporting a nonmovant=s affirmative defense by
proof raising a fact issue is well established); Richardson v. Ofc. Bldgs.
Of Houston, 704 S.W.2d 373, 376 (Tex. App.CHouston [14th Dist.] 1985, no writ) (to show
there is a disputed fact issue which will preclude rendition of summary
judgment for payee of promissory note, obligor was required to offer summary
judgment proof on each element of the affirmative defense he was
pleading).  This he has not done.








Indeed,
appellant=s
response to appellee=s
motion for summary judgment included only three exhibits: (1) his affidavits;
(2) a copy of appellant=s
and appellee=s
1996 settlement agreement; and (3) a copy of the 1996 and 1997 general ledger
from the family trust that was the subject of the settlement agreement.  Because, as determined above, we cannot
consider appellant=s
affidavits, and because appellant=s
other two exhibits do not, standing alone, support the elements of material
breach or duress,[8]
we conclude appellant has not provided sufficient summary judgment proof to
excuse performance.[9]  

Accordingly,
we overrule his first point of error. 

PENDING
LAWSUIT

In
his second point of error, appellant asserts the trial court erred in granting
appellee=s motion for summary judgment
because the matter was pending in another lawsuit filed by appellant against
appellee.  








This
point fails, however, because appellant offers no summary judgment proof other
than one line in his own improper affidavit that there is in fact another
lawsuit: “This lawsuit
needs to be consolidated with my Plaintiff=s Lawsuit.”[10]  Appellant also fails to offer “a clear and
concise argument of the contentions made, with appropriate citations to
authorities and to the record,” in his brief. 
Tex. R. App. P. 38.1(h); Harkins
v. Dever Nursing Home, 999 S.W.2d 571, 572 (Tex. App.CHouston [14th Dist.]
1999, no pet.).[11]

Because
appellant=s
affidavits may not be considered by this court on appeal, and because appellant
offers no other summary judgment proof to support his assertion there is a
pending lawsuit, we overrule appellant=s
second point of error.[12]

LAW
AND FACT ISSUES

In
his third point of error, appellant asserts the trial court erred in granting
appellee=s motion for summary
judgment because there are fact and law issues that preclude summary
judgment.   We disagree. 

When
a plaintiff shows entitlement to summary judgment, the nonmovant defendant
seeking to avoid the judgment must present to the trial court proof adequate to
raise a fact issue.  Brooks v. Sherry
Lane Nat’l Bank, 788 S.W.2d 874, 876 (Tex. App.CDallas 1990, no writ).  Mere assertion is not sufficient for a party
opposing a summary judgment motion to raise a fact issue.  Liggett v. Blocker, 849 S.W.2d 846 (Tex. App.CHouston [1st Dist.]
1993, writ denied).  Indeed, a response
is not summary judgment proof.  Id.








Here,
appellant argues “there are fact and law issues which preclude summary
judgment.”  However, because he failed to
file any proper summary judgment proof, the trial court had no basis for
finding a fact issue.  Further, appellant
cites no legal authority supporting his challenge to the summary judgment.  Thus, his arguments are baseless. 

Accordingly,
we overrule point of error three.

CONCLUSION

Based
on the foregoing, each of appellant=s
points of error is overruled. 
Accordingly, the trial court=s
decision to grant summary judgment is affirmed.

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed May 22, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.

 











[1]  A
photocopy of the promissory note, attached to an affidavit in which the affiant
swears that the photocopy is a true and correct copy of the original note, is
proper summary judgment proof which establishes the existence of the note.  Blankenship, 899 S.W.2d at 238.





[2]  In
an action with respect to an instrument, the authenticity of, and authority to
make, each signature on the instrument are admitted unless specifically denied
in the pleadings.  Tex. Bus. & Com. Code Ann. '
3.308(a) (Vernon 2002).  Thus, appellee
was established as the maker of the notes. 
Groschke v. Gabriel, 824 S.W.2d 607, 610 (Tex. App.CHouston
[1st Dist.] 1991, writ denied).





[3]  A
person entitled to enforce an instrument includes the holder of the instrument
and a nonholder in possession of the instrument who has the rights of a
holder.  Tex. Bus. & Com. Code Ann. '
3.301 (Vernon 2002).  A holder with
respect to a negotiable instrument means the person in possession if the
instrument is payable to bearer or, in the case of an instrument payable to an
identified person, if the identified person is in possession.  Id. at '
1.201(20).  See also id. at '
3.301 cmt.(a person entitled to enforce an instrument includes any person who
under applicable law is a successor to the holder or otherwise acquires the
holder=s rights).





[4]  The Court
notes that the hearing on appellee=s motion
could have been held as early as November 21, 2000.  See Tex.
R. Civ. P. 166a(c) (except on leave of court, motions and supporting
affidavits shall be filed and served at least twenty-one days before the time
specified for hearing).





[5]  While
the record reflects the trial court considered appellant=s
response, it is silent as to whether the trial court considered his
second affidavit. 





[6]  Moreover, if
the trial court had granted appellant leave to file his second affidavit on the
date of the hearing, appellee would have been entitled, pursuant to Rule
166a(c), to a period of time in which to file a response.  See Sams v. N.L. Indus., Inc., 735
S.W.2d 486, 488 (Tex. App.CHouston [1st Dist.] 1987, no writ).  Because there is no indication that appellee
was granted time to respond and because the trial court entered its judgment on
the day of the hearing, we must presume the trial court chose not to consider
appellant=s newly-proffered summary judgment proof.





[7]  Appellant
asserts it makes no difference that the notes were generated as a result of the
terms of a settlement agreement.  See
Hampton v. Minton, 785 S.W.2d 854, 858 (Tex. App.CAustin 1990, writ denied) (performance under a note
can be excused where the underlying agreement which gave rise to the note was
breached).  We agree.  See Frost Nat=l Bank v. Burge,
29 S.W. 3d 580, 588 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (separate
documents executed at the same time for the same purpose and in the course of
the same transaction are to be construed together).





[8]  The elements
of breach of contract are (1) existence of a valid contract; (2) performance or
tendered performance by the party claiming breach; (3) breach of the contract
by the opposing party; and (4) damages resulting from that breach.  Prudential Securities, Inc. v. Haugland,
973 S.W.2d 394, 396 (Tex. App.CEl Paso 1998, pet. denied).  

The elements of duress are (1)
a threat or action taken without legal justification; (2) the threat or action
was of such a character as to destroy the other party=s
free agency; (3) the threat or action overcame the opposing party=s
free will and caused the party to do that which he or she would not otherwise
have done and that which he or she was not legally bound to do; (4) the
restraint was imminent; and (5) the opposing party had no present means of
protection.  Chapman Children=s
Trust v. Porter & Hedges, L.L.P., 32 S.W. 3d
429, 443 (Tex. App.CHouston [14th Dist.] 2000,
pet. denied).  Economic duress may be
claimed only when the party against whom it is claimed was responsible for
claimant=s financial
distress.  Deer Creek Ltd v. North
Amer. Mortg. Co., 792 S.W.2d 198, 203 (Tex. App.CDallas
1990, no writ).





[9]  Even
if we could consider appellant=s
affidavits in our review, we would find insufficient summary judgment proof of
a fact issue with regard to duress.  See
supra note 8.  Appellant states only that he Awas coerced under duress caused by severe personal
financial conditions@ to enter the settlement agreement and that he Awas coerced to execute@ the two
promissory notes.  He provides no facts
indicating a threat or action taken without legal justification and no facts to
suggest appellee was responsible for appellant=s
financial distress.  An
affidavit that is conclusory or based on opinion does not constitute competent
summary judgment proof.  See Duncan v.
Lisenby, 912 S.W.2d 857, 859 (Tex.
App.CHouston [14th Dist.] 1995,
no writ). 
See also Richardson v. Ofc. Bldgs. of Houston, 704 S.W.2d 373,
376 (Tex. App.CHouston [14th Dist.] 1985, no writ) (obligor on
promissory note failed to defeat summary judgment when he failed to offer
summary judgment proof on elements of duress).





[10]  Compare
Jones v. Jones, 888 S.W.2d 849, 852 (Tex. App.CHouston
[1st Dist.] 1994, no writ) (to show there was another
lawsuit addressing the same issues as instant suit, appellee attached appellant=s
amended original petition and judge=s
final judgment from the first suit); Kimble v. Aetna Cas. & Sur. Co.,
767 S.W.2d 846, 848 (Tex. App.CAmarillo, 1989, no
writ) (to show appellant knew of pending lawsuit, appellee attached copy of
transcripted testimony of declaratory judgment hearing).





[11]  Appellant
identifies no authority in support of his proposition that the trial court=s failure to consolidate two independent cases
warrants reversal of the summary judgment. 
Indeed, he does not even address his second point of error issue in his AArguments and Authorities@ section.  Thus,
he presents nothing for our review.  See Hunter v. NCNB Texas Nat=l
Bank, 857 S.W.2d 722, 725 (Tex. App.CHouston
[14th Dist.] 1993, writ denied). 





[12]  Moreover, a
subsequent suit involving the same parties and the same controversy must be
dismissed if a party to that suit calls the second court=s attention to the pendency of a prior suit by a plea
in abatement.  Curtis v. Gibbs,
511 S.W.2d 263, 267 (Tex. 1974); see also First State Bank of Bishop, Texas
v. Norris, 611 S.W.2d 680, 683B84 (Tex.
App.CTyler, 1981, writ ref=d
n.r.e.) (AIt has long been the rule in Texas that the pendency
of one suit in a court of competent jurisdiction precludes the maintenance of
another suit involving the same cause of action between the same parties in a
court of equal jurisdiction.@).  Thus, if it
was true there was another lawsuit pending between appellant and appellee
involving the same controversy, the trial court=s proper
course of action should have been to abate the second suit.