In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00121-CV
______________________________


JAMES MICHAEL O'DONALD, ON BEHALF OF THE 
ESTATE OF ROSS EUGENE O'DONALD, DECEASED, AND ALL
WRONGFUL DEATH BENEFICIARIES, Appellants
v.
TEXARKANA MEMORIAL HOSPITAL D/B/A 
WADLEY REGIONAL MEDICAL CENTER, Appellee
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 01C1015-005


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Ross, Carter and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius


_____________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â James Michael O'Donald, on behalf of the Estate of Ross Eugene O'Donald, deceased, and
all wrongful death beneficiaries, brought suit against T. Michael Hillis, M.D., Malcolm A. Smith,
M.D., Collom and Carney Clinic Association, and Texarkana Memorial Hospital, Inc., doing
business as Wadley Regional Medical Center, seeking damages for the death of Ross Eugene
O'Donald, allegedly as a result of an aortofemoral bypass surgery and an esophageal perforation.
Â Â Â Â Â Â Â Â Â Â Â Â The trial court granted summary judgment in favor of Doctors Hillis and Smith and the
Collom and Carney Clinic. The trial court also severed the claims against those defendants from the
claims against Wadley Regional Medical Center, and on October 1, 2004, rendered summary
judgment in favor of Wadley Regional Medical Center.


 The O'Donalds appealed from that
judgment.
Â Â Â Â Â Â Â Â Â Â Â Â Wadley's motion for summary judgment was a joint one that combined a no-evidence motion
pursuant to Tex. R. Civ. P. 166a(i) and a traditional motion pursuant to Tex. R. Civ. P. 166a(b)
andÂ (c).
Â Â Â Â Â Â Â Â Â Â Â Â Wadley's summary judgment motion was filed on August 20, 2004. The hearing on the
motion was originally set for September 27, 2004. At the request of counsel for the O'Donalds, the
hearing was by agreement reset for 9:00 a.m. on October 1, 2004. The O'Donalds filed their
response to Wadley's summary judgment motion at 8:39 a.m. on October 1, 2004, the day set for
hearing Wadley's motion.
Â Â Â Â Â Â Â Â Â Â Â Â A response to a motion for summary judgment must be filed at least seven days before the
hearing on the motion unless the trial court grants leave to file the response late. Tex. R. Civ.
P.Â 166a(c). The O'Donalds did not request leave of the court to file their late response, and there is
nothing in the record to indicate that the trial court granted leave to file the late response.
Â Â Â Â Â Â Â Â Â Â Â Â When a defendant files a motion for a no-evidence summary judgment, properly alleging a
lack of evidence supporting one or more specific essential elements of the plaintiffs' cause of action,
the trial court must grant the summary judgment unless the plaintiffs timely respond, presenting to
the trial court evidence, more than a scintilla, that raises a genuine issue of fact on the challenged
elements. Tex. R. Civ. P. 166a(i); Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 511 (Tex.
2002); Trusty v. Strayhorn, 87 S.W.3d 756, 759 (Tex. App.âTexarkana 2002, no pet.); Garrett v.
L. P. McCuistion Cmty. Hosp., 30 S.W.3d 653, 655 (Tex. App.âTexarkana 2000, no pet.);
McCombs v. Childrens' Med. Ctr. of Dallas, 1 S.W.3d 256, 258 (Tex. App.âTexarkana 1999, pet.
denied).
Â Â Â Â Â Â Â Â Â Â Â Â If the record contains no order or other affirmative evidence that the trial court granted leave
to late file a response or summary judgment evidence, it is presumed that the late filing was not
before the trial court, and it cannot be considered on appeal to defeat summary judgment.
Â Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); INA of Tex. v. Bryant, 686 S.W.2d
614, 615 (Tex. 1985); Alford v. Thornburg, 113 S.W.3d 575, 586 (Tex. App.âTexarkana 2003, no
pet.); Pinnacle Data Servs., Inc. v. Gillen, 104 S.W.3d 188, 192 (Tex. App.âTexarkana 2003, no
pet.); Merch. Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389, 394â95 (Tex. App.âTexarkana 2002, no pet.);
Johnston v. Vilardi, 817 S.W.2d 794, 796 (Tex. App.âHouston [1st Dist.] 1991, pet. denied).
Â Â Â Â Â Â Â Â Â Â Â Â Wadley's motion for summary judgment combined a traditional motion with a no-evidence
motion. There is no prohibition against filing such a joint motion, so long as the two bases for
summary judgment are clearly distinguished, as they are in Wadley's motion. The no-evidence
portion of Wadley's motion clearly challenges the duty and proximate cause elements of the
O'Donalds' cause of action as having no evidence to support them. The traditional portion of
Wadley's motion is supported by some deposition testimony, but attaching evidence to a combined
motion does not invalidate the no-evidence portion of the motion or require that it be disregarded. 
Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).
Â Â Â Â Â Â Â Â Â Â Â Â Because the O'Donalds did not timely respond to Wadley's no-evidence summary judgment
motion or timely point the trial court to any summary judgment evidence raising an issue of fact on
the challenged elements, the trial court properly rendered summary judgment in favor of Wadley.
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we affirm the judgment.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â William J. Cornelius
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice*


*Chief Justice, Retired, Sitting by Assignment

Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â June 15, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 28, 2005





e="Medium Grid 3 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00174-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BRANDON DENNARD FRATER,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 7th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Smith County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 007-0581-10

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  After
a Smith County[1]
jury found Brandon Dennard Frater guilty of driving while intoxicated (DWI)Âthe
offense enhanced to a third degree felony[2]Âtrial
proceeded to the punishment phase, during which Frater pled ÂtrueÂ to a
sentence enhancement.[3]Â  See Tex. Penal Code Ann. Â§Â 49.04(a)
(Vernon 2003).Â  The jury found the sole
sentence-enhancement allegation to be true and assessed FraterÂs punishment at
seventeen yearsÂ imprisonment and a $5,000.00 fine.[4]Â  On appeal, Frater complains only that the
trial courtÂs judgment reflects that Frater pled true to two
sentence-enhancement allegations.Â  The
State has not filed a brief.Â  Agreeing
with Frater, we modify the judgment and affirm it.

Â Â Â Â Â Â Â Â Â Â Â  The
record reflects that Frater pled true to only one sentence-enhancement
allegationÂa felony conviction for DWI April 18, 2006, in Smith County, Texas,
addressed in cause number 007-1827-05.[5]Â  The trial courtÂs charge on punishment
described this same, sole enhancement allegation, as did the juryÂs verdict and
the trial courtÂs recitation of that verdict in open court.Â  The trial courtÂs written judgment, therefore,
incorrectly reflects a plea and finding of true to two enhancement allegations,
rather than one.[6]

Â Â Â Â Â Â Â Â Â Â Â  We
have the authority to modify the judgment to make the record speak the truth
when the matter has been called to our attention from any source.Â  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356 (Tex.
App.ÂTexarkana 2009, no pet.).Â  The
judgment does not accurately reflect what happened in open court.Â  When an appellate court has the necessary
data and evidence before it for correcting the judgment, the judgment may be
modified and corrected on appeal.Â  Banks v. State, 708 S.W.2d 460, 462
(Tex. Crim. App. 1986); see Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim. App. [Panel Op.] 1982) (when
appellate court has same information for modifying judgment as trial court
would have were judgment remanded or appeal dismissed, appellate court to
modify judgment).

Â Â Â Â Â Â Â Â Â Â Â  We
modify the judgment to reflect only a plea of true and a finding of true to the
first sentence-enhancement paragraph.Â  We
delete from the judgment the plea, and finding, of true to the second
enhancement paragraph.Â  

Â Â Â Â Â Â Â Â Â Â Â  As modified, the trial courtÂs
judgment is affirmed.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh R.
Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March 25, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March 28, 2011

Â 

Do Not Publish

Â 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann.
Â§ 73.001 (Vernon 2005).Â  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.Â  See Tex.
R. App. P. 41.3.

Â 





[2]Because
the indictment alleged Frater had two prior convictions for DWI, the charge was
enhanced to that of a third degree felony.Â 
See Tex. Penal Code Ann. Â§ 49.09(b)(2) (Vernon Supp. 2010).

Â 





[3]The
sentence enhancement was a previous felony conviction for DWI, unrelated to
those enhancements alleged in the indictment.Â 


Â 





[4]This
prior conviction increased the punishment range to that of a second degree
felony.Â  Tex. Penal Code Ann. Â§Â 12.42(a) (Vernon Supp. 2010).

Â 





[5]Frater
signed a stipulation of evidence regarding this conviction as well, and does
not contest his plea of true.Â  





[6]The
second enhancement finding that Frater is a habitual offender was erroneously
included in the judgment and is not supported by the record.