In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00121-CV
______________________________


JAMES MICHAEL O'DONALD, ON BEHALF OF THE 
ESTATE OF ROSS EUGENE O'DONALD, DECEASED, AND ALL
WRONGFUL DEATH BENEFICIARIES, Appellants
v.
TEXARKANA MEMORIAL HOSPITAL D/B/A 
WADLEY REGIONAL MEDICAL CENTER, Appellee
 


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 01C1015-005


                                                 



Before Ross, Carter and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius


_____________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

            James Michael O'Donald, on behalf of the Estate of Ross Eugene O'Donald, deceased, and
all wrongful death beneficiaries, brought suit against T. Michael Hillis, M.D., Malcolm A. Smith,
M.D., Collom and Carney Clinic Association, and Texarkana Memorial Hospital, Inc., doing
business as Wadley Regional Medical Center, seeking damages for the death of Ross Eugene
O'Donald, allegedly as a result of an aortofemoral bypass surgery and an esophageal perforation.
            The trial court granted summary judgment in favor of Doctors Hillis and Smith and the
Collom and Carney Clinic. The trial court also severed the claims against those defendants from the
claims against Wadley Regional Medical Center, and on October 1, 2004, rendered summary
judgment in favor of Wadley Regional Medical Center.


 The O'Donalds appealed from that
judgment.
            Wadley's motion for summary judgment was a joint one that combined a no-evidence motion
pursuant to Tex. R. Civ. P. 166a(i) and a traditional motion pursuant to Tex. R. Civ. P. 166a(b)
and (c).
            Wadley's summary judgment motion was filed on August 20, 2004. The hearing on the
motion was originally set for September 27, 2004. At the request of counsel for the O'Donalds, the
hearing was by agreement reset for 9:00 a.m. on October 1, 2004. The O'Donalds filed their
response to Wadley's summary judgment motion at 8:39 a.m. on October 1, 2004, the day set for
hearing Wadley's motion.
            A response to a motion for summary judgment must be filed at least seven days before the
hearing on the motion unless the trial court grants leave to file the response late. Tex. R. Civ.
P. 166a(c). The O'Donalds did not request leave of the court to file their late response, and there is
nothing in the record to indicate that the trial court granted leave to file the late response.
            When a defendant files a motion for a no-evidence summary judgment, properly alleging a
lack of evidence supporting one or more specific essential elements of the plaintiffs' cause of action,
the trial court must grant the summary judgment unless the plaintiffs timely respond, presenting to
the trial court evidence, more than a scintilla, that raises a genuine issue of fact on the challenged
elements. Tex. R. Civ. P. 166a(i); Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 511 (Tex.
2002); Trusty v. Strayhorn, 87 S.W.3d 756, 759 (Tex. App.—Texarkana 2002, no pet.); Garrett v.
L. P. McCuistion Cmty. Hosp., 30 S.W.3d 653, 655 (Tex. App.—Texarkana 2000, no pet.);
McCombs v. Childrens' Med. Ctr. of Dallas, 1 S.W.3d 256, 258 (Tex. App.—Texarkana 1999, pet.
denied).
            If the record contains no order or other affirmative evidence that the trial court granted leave
to late file a response or summary judgment evidence, it is presumed that the late filing was not
before the trial court, and it cannot be considered on appeal to defeat summary judgment.
 Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); INA of Tex. v. Bryant, 686 S.W.2d
614, 615 (Tex. 1985); Alford v. Thornburg, 113 S.W.3d 575, 586 (Tex. App.—Texarkana 2003, no
pet.); Pinnacle Data Servs., Inc. v. Gillen, 104 S.W.3d 188, 192 (Tex. App.—Texarkana 2003, no
pet.); Merch. Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389, 394–95 (Tex. App.—Texarkana 2002, no pet.);
Johnston v. Vilardi, 817 S.W.2d 794, 796 (Tex. App.—Houston [1st Dist.] 1991, pet. denied).
            Wadley's motion for summary judgment combined a traditional motion with a no-evidence
motion. There is no prohibition against filing such a joint motion, so long as the two bases for
summary judgment are clearly distinguished, as they are in Wadley's motion. The no-evidence
portion of Wadley's motion clearly challenges the duty and proximate cause elements of the
O'Donalds' cause of action as having no evidence to support them. The traditional portion of
Wadley's motion is supported by some deposition testimony, but attaching evidence to a combined
motion does not invalidate the no-evidence portion of the motion or require that it be disregarded. 
Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).
            Because the O'Donalds did not timely respond to Wadley's no-evidence summary judgment
motion or timely point the trial court to any summary judgment evidence raising an issue of fact on
the challenged elements, the trial court properly rendered summary judgment in favor of Wadley.
            For the reasons stated, we affirm the judgment.



                                                                        William J. Cornelius
                                                                        Justice*


*Chief Justice, Retired, Sitting by Assignment

 
Date Submitted:          June 15, 2005
Date Decided:             September 28, 2005


OPINION ON MOTION FOR REHEARING

            James Michael O'Donald, on behalf of the Estate of Ross Eugene O'Donald, deceased, and
all wrongful death beneficiaries have filed a motion for rehearing in which they contend we erred
in our original opinion in that (1) we failed to hold that the record affirmatively shows the trial court
considered their late-filed response to Wadley Regional Medical Center's motion for summary
judgment, and (2) we failed to hold that Tex. R. App. P. 33.1 required that Wadley object to the
timeliness of the O'Donalds' response.
            The O'Donalds argue that the record shows the trial court considered their late-filed response
because the trial court's judgment contains this statement:
Before the Court for consideration is the Motion for Summary Judgment
brought by Wadley Regional Medical Center, the remaining Defendant in this cause. 
Based upon a review of the Motion and any response thereto, and after being
sufficiently advised in the premises, the Court finds the Motion well-taken and is of
the opinion it should be granted.

            We have held that "[t]he mere mention of the response in the record, without more, does not
overcome the presumption that the trial court did not consider the late response," and unless there
is a showing in the record that the late-filed response was with leave of the court, we will not
consider the response on appeal. Pinnacle Data Servs., Inc. v. Gillen, 104 S.W.3d 188, 193 (Tex.
App.—Texarkana 2003, no pet.); see also Neimes v. Ta, 985 S.W.2d 132, 139 (Tex.
App.—San Antonio 1998, pet. dism'd by agr.). We conclude that the phrase "any response thereto"
does not constitute affirmative evidence that the trial court considered the O'Donalds' late-filed
response, but rather is only a generic reference to any response that may have been properly filed.
            Wadley was not required to object to the timeliness of the O'Donalds' response under Tex.
R. App. P. 33.1. Neimes v. Ta, 985 S.W.2d at 138; see also Luna v. Estate of Rodriguez, 906 S.W.2d
576, 582 (Tex. App. —Austin 1995, no writ). Moreover, from the record here, it is presumed that
the trial court did not grant leave to file the late response and did not consider it. Therefore, there
was no trial court action relating to the response to which Wadley could have objected.
            We respectfully overrule the motion for rehearing.
 
                                                                        William J. Cornelius
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment
 
Date:   November 30, 2005